**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**CHARLIE JEROME LEE**                     **CIVIL ACTION NO. 25-1658**

                                          **SECTION P**

**VS.**

                                          **JUDGE S. MAURICE HICKS, JR.**

**BOSSIER PARISH SHERIFF'S**               **MAG. JUDGE KAYLA D. MCCLUSKY**
**DEPARTMENT, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff Charlie Jerome Lee, a prisoner at Caddo Correctional Center proceeding pro se

and in forma pauperis, filed this proceeding on approximately October 30, 2025, under 42 U.S.C.

§ 1983.  He names the following defendants: C.R. Coller, M.I. Sims, R.T. Short, W.N. Roberson,

Elton S. Smith, and Michael James Booker.[1]  For reasons that follow, the Court should stay

Plaintiff's false arrest claim against W.N. Roberson and dismiss Plaintiff's remaining claims

against all other Defendants.

**Background**

Plaintiff states that on August 1, 2023, in Bossier, Louisiana, his girlfriend at the time

told officers that he raped her repeatedly and struck her repeatedly in the face and body.  [doc. #

7, p. 2].  The next morning, a Bossier City officer arrested Plaintiff under a warrant and charged

him with battery of a dating partner and false imprisonment.  [doc. #s 1, p. 3; 1-2, p. 2].

According to Plaintiff, the assigned state court docket number was 2023-009087.  [doc. # 1, p.

3].  On October 30, 2023, he pled guilty to battery of a dating partner and received a sentence of

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636, and the standing orders of the Court.

"6 months parish jail time with 90 days' time served[.]"  *Id.*  The false imprisonment charge was dropped.  *Id.*

Plaintiff claims that on January 18, 2024, a deputy with the Bossier Parish Sheriff's Department arrested him under a warrant for second degree rape with an offense date of August 1, 2023, the same offense date as the charges above.  [doc. #s 1, p. 3; 1-2, p. 4].  He states that the docket number for the rape charge was also the same: 2023-009087.  [doc. # 1, p. 3]. Plaintiff's second-degree rape charge remains pending.  *Id.*  He filed a motion to quash the charge in state court on grounds that the charge constitutes double jeopardy; he has a hearing on his motion scheduled for April 28, 2026.  [doc. # 7, p. 5].  However, Plaintiff also suggests that a state court judge already dismissed the charge on double jeopardy grounds.  *Id.*  But then he goes on to state, "I'm still going to court behind [sic] this matter."  *Id.* at 7.

Plaintiff claims here that he was falsely arrested for second degree rape, arguing that the charge constitutes double jeopardy.  [doc. # 1, pp. 3, 6].

For relief, Plaintiff seeks monetary compensation and pro bono counsel for his state court case.  [doc. # 1, pp. 8-9].

### Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

3

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

4

**2. *Heck v. Humphrey* and *Wallace v. Kato***

In approximately January 2024, Defendant Roberson applied for a warrant to arrest Plaintiff for second-degree rape. On January 17, 2024, a state court judge signed the warrant. [doc. # 1-2, p. 4]. Plaintiff suggestively claims that Defendant Roberson then falsely arrested him for second-degree rape.

As above, Plaintiff filed a motion to quash the charge in state court, on grounds that the charge constitutes double jeopardy; he has a hearing on his motion scheduled for April 28, 2026. [doc. # 7, p. 5]. However, he also suggests that a state court judge already dismissed the charge on double jeopardy grounds. *Id.* But then he goes on to state, "I'm still going to court behind [sic] this matter." *Id.* at 7. Given the disparate statements, the undersigned contacted the district attorney's office and confirmed that Plaintiff's charge remains pending.[3]

If Plaintiff is convicted of his pending second-degree rape charge, he may not be entitled to seek relief for the false arrest claim above until any conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. A successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

While the rule in *Heck* does not extend to pending criminal matters, successful claims under Plaintiff's allegations could necessarily imply the invalidity of any future conviction.[4] *See*

---

[3] TELEPHONE CALL TO BOSSIER PARISH DISTRICT ATTORNEY (February 9, 2026).

[4] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the false arrest claim—and establishing that the officer lacked probable cause to charge Plaintiff—could necessarily imply the invalidity of a conviction because the claim is essentially a collateral attack on a criminal judgment's validity. *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the invalidity of [the conviction].").[5]

Federal courts should stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. *See Kato*, 549 U.S. at 393-94. Critically, "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id.* (emphasis added); *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (opining that courts *should* stay proceedings "until the pending criminal case

---

[5] *See also Queen v. Purser*, 109 Fed. App'x. 659 (5th Cir. 2004) (a former inmate's false-arrest claim necessarily challenged whether the evidence, which an officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus, the claim was not cognizable absent a showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

has run its course . . . .").

Here, Plaintiff's claim is *related to* rulings that will likely be made concerning his pending charge. Accordingly, the Court should stay this claim pending the outcome of Plaintiff's ongoing criminal prosecution.[6]

### 3. Conclusory Claims

Petitioner names Coller, Simms, Booker, and Short as Defendants, but he does not raise any allegations against them or otherwise specify what each did to violate his constitutional rights.

As above, a complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

The Court disregards bare assertions of collective responsibility unsupported by concrete factual allegations. *See Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm."). The Court should dismiss these claims against these Defendants

---

[6] *See Mackey*, 47 F.3d at 746 ("At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. . . . The court [should] stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("[I]f some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay . . . .").

because Plaintiff fails to raise any claim against them.

Petitioner also names Elton S. Smith as a defendant, but at best he alleges that Smith "received a fax from the Bossier Parish Sheriff's Office indicating that a BPSO Deputy had arrested [Plaintiff] on a Bossier City Criminal warrant . . . ."  [doc. # 7, p. 3].  Plaintiff does not explain how Smith's alleged action violated federal law or his constitutional rights.  Absent more, his allegation does not suggest unlawful activity.  The Court should dismiss this claim as well.

### **Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Charlie Jerome Lee's false arrest claim against W.N. Roberson be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with this claim, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;
>
> b. If the stay is lifted and the Court finds that Plaintiff's claim would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;
>
> c. Plaintiff should not file any more documents concerning this particular claim (other than an objection to this Report and Recommendation if he chooses) in this action until the state court proceedings conclude; and
>
> d. Defendant shall not be required to answer this claim during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims against the remaining defendants be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 11th day of February, 2026.

Kayla Dye McClusky
United States Magistrate Judge

9